**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WELBY COX,

Plaintiff,

vs.

MIKE BIBB, et al.,

Defendants.

Case No. 1:26-cv-517

McFarland, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on May 27, 2026 by filing a motion for leave to proceed in forma pauperis. (Doc. 1). Thereafter, while the motion for IFP remained pending, Plaintiff paid the requisite filing fee.[1] Plaintiff also filed an application for entry of default against Defendant Mike Bibb. (Doc.7). For the reasons that follow, the undersigned now recommends that this case be dismissed *sua sponte* for lack of subject matter jurisdiction.

### I. Background

Plaintiff submitted what appears to be a demand letter to Mr. and Mrs. Michael A. Bibb with this case caption listed at the top of the letter. This demand letter alleges that, in 2000, Plaintiff advanced approximately $320,000 to Mr. Bibb, his son-in-law, as a “binding loan, not a gift” to pay Mr. Bibb’s debts and to keep him from going to prison for grand theft. Plaintiff now seeks repayment more than twenty-five years later; and references diversity of citizenship. Plaintiff offers, in the demand letter, to waive interest and establish a payment plan if an agreement can be reached by May 30, 2026. If no agreement is reached, the letter indicates that he will file suit and will demand the principal

[1] By separate Order, Plaintiff’s motion for IFP has been denied as moot.

amount plus claimed statutory interest, totaling $985,600.00. The filing appends a family photograph and an envelope.

The complaint does not include a coherent statement of jurisdictional facts and does not identify a viable cause of action under federal law. Many pro se litigants seek to file their complaints in forma pauperis, or without payment of a filing fee. In such cases, Congress has authorized Courts to conduct an initial evaluation of the complaint prior to authorizing service on any defendant. See 28 U.S.C. § 1915(e). Because Plaintiff paid the full filing fee here, his complaint is not subject to statutory *sua sponte* screening under § 1915(e). Nevertheless, trial courts can *sua sponte* dismiss fee-paid cases “for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. “ *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). While pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a federal court has an obligation to dismiss a lawsuit at any time that it determines it is without subject matter jurisdiction.

Here, in the course of reviewing Plaintiff’s complaint it has become apparent that this Court lacks subject matter jurisdiction under the *Apple v. Glenn* criteria, and this matter should be *sua sponte* dismissed.

**II. Plaintiff's Complaint Should be Dismissed**

Plaintiff’s filing does not contain a complaint setting forth cognizable claims for relief. Rather, as stated above, the submission consists primarily of a demand letter addressed to Defendants Mr. and Mrs. Michael A. Bibb wherein Plaintiff demands the

return of approximately $320,000 that he advanced to Mr. Bibb as a "binding loan, not a gift". Plaintiff now seeks repayment more than twenty-five years later; and references diversity of citizenship. Plaintiff requests the principal amount plus claimed statutory interest. The filing appends a family photograph and an envelope, but it includes no coherent statement of jurisdictional facts and no allegations identifying a viable cause of action under federal law.

Upon careful review, the undersigned finds that this matter should be dismissed. for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure since the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The complaint is facially deficient under Federal Rule of Civil Procedure 8. It does not identify the terms of the alleged loan, when repayment was due, whether the agreement was written or oral, the specific transfers allegedly made, or facts explaining why a claim based on an alleged 2000 transaction remains legally viable in 2026. Instead, it offers conclusory assertions that money was advanced and that Defendants promised to repay it. Plaintiff's personal and family-related narrative, photographs, and accusations do not supply the essential factual allegations needed to invoke this Court's limited jurisdiction or state a substantial claim for relief under federal law.

To the extent Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332, the complaint fails to plausibly establish it. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000, exclusive of interest and costs. Id. Though the amount in controversy is met, Plaintiff alleges only mailing

addresses: an Ohio post-office-box address for himself and an Indianapolis, Indiana address for Defendants. Residency or a mailing address is not synonymous with citizenship, and the pleading does not allege the citizenship of Plaintiff or Defendants. *Jevnikar v. Slawinski*, No. 1:25-CV-00257, 2025 WL 2049857, at *4 (N.D. Ohio July 22, 2025) citing *Von Dunser*, 915 F.2d 1071, 1072; (6th Cir. 1990) (finding mailing address do not establish domicile or diversity of citizenship).

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE**. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WELBY COX,

Plaintiff,

vs.

MIKE BIBB, et al.,

Defendants.

Case No. 1:26-cv-517

McFarland, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).